# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
# GREENBELT DIVISION

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| CLEON ANTHONY LENHARDT, | : | Case No. 14-12300-PM |
| | : | Chapter 13 |
| | : | |
| Debtor(s). | : | |
| | : | |
| CLEON ANTHONY LENHARDT | : | |
| 12366 Quail Woods Drive | : | |
| Germantown, MD  20874 | : | |
| | : | |
| Movant. | : | |
| | : | |
| vs. | : | |
| | : | |
| CHASE MORTGAGE | : | |
| PO Box 3014 | : | |
| Edison, NJ 08818-9768 | : | |
| And | : | |
| CHASE MORTGAGE | : | |
| Mail Code OH4-7302 | : | |
| P.O. Box 24696 | : | |
| Columbus, OH 43224-0696 | : | |
| | : | |
| | : | |
| Respondents. | : | |

**ORDER GRANTING MOTION TO AVOID LIEN
ON 12366  QUAIL WOODS DRIVE, GERMANTOWN, MD  20874**

Having considered Debtor's Motion to Avoid Lien, and any response filed thereto, and it appearing that proper notice has been given, pursuant to 11 U.S.C. § 506 and for the reasons set forth in the case of <u>Johnson vs. Asset Management Group, LLC,</u> 226 B.R. 364 (D.Md. 1998),and <u>First Mariner Bank v Johnson</u>, 411 B.R. 221 (D.Md. 2009), it is by the United States Bankruptcy Court for the District of Maryland,

**ORDERED,** that the claim of Respondent be and herby is deemed wholly unsecured; and it is further,

**ORDERED,** that at such time as a discharge Order is entered pursuant to 11 U.S.C Section 1328(a) in this case, the lien held in favor of the Respondent on the Debtor's real property real property described as <u> 12366  Quail Woods Drive, Germantown, Montgomery County,  MD 20874</u> is avoided; and it is further

**ORDERED**, that if the Respondent has filed a proof of claim, the claim of the Respondent be and hereby is allowed as a general unsecured claim for purposes of distribution under the Debtor's plan; and it if further

**ORDERED**, that if the Respondent has not filed a proof of claim, the claim of the Respondent be and hereby is allowed as a general unsecured claim for purpose of distributions under the Debtor's plan if a proof of claim is filed on or before the later of (i) the claims bar date previously fixed by this court, or (ii) twenty-eight (28) days after entry of this order; and it is further

**ORDERED,** that allowance of the claim of the Respondent as an unsecured claim pursuant to this order is without prejudice to objection to such claim on other grounds;.

cc: Trustee
 Debtor(s)
 Debtor(s)' Attorney
 Respondents
 U.S. Trustee

**END OF ORDER**